# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINIDAD GOMEZ,<br><br>        Plaintiff,<br><br>  v.<br><br>D. ADAMS, et al.,<br><br>        Defendants. | CV F- 06-1303 AWI DLB P<br><br>ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND |

Plaintiff is a proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is plaintiff's amended complaint filed January 25, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In the instant case, plaintiff brings action against Deputy Swanson, Deputy Avalos, Deputy

Bargioli and Deputy Holguine, all employed at the Bob Wiley Detention Facility. Plaintiff alleges that on December 28, 2005, while being escorted to the visiting area by defendants Swanson, Borgioli and Avalos, he fell while restrained to other inmates. He also alleges that his hand restraints were defective and could not be removed. He alleges that defendant Swanson had to remove the restraints with bolt cutters, at which time, plaintiff twisted and injured his back. Plaintiff alleges that he suffered all weekend in pain because there was no medical staff on duty over the weekend.

Plaintiff alleges that on Monday morning defendant Holguine failed to ensure that he was seen by a doctor. Defendant Swanson informed plaintiff that the doctor had declined his request for medical attention but ordered pain medication. Plaintiff contends he was given Neproxin, which did not help his pain.

Plaintiff was seen by a doctor on January 2, 2006, who examined him and found swollen areas on plaintiff's back. The doctor increased plaintiff's pain medication and prescribed a mild muscle relaxer. The doctor renewed plaintiff's pain medication for two more weeks. Plaintiff saw the doctor again on January 17, 2006. Plaintiff was still in pain and x-rays were taken. Plaintiff alleges he never received a response from the doctor after his x-rays.

Plaintiff alleges that defendant Swanson's actions in using the bolt cutters to remove his hand restraints were malicious and sadistic. Plaintiff also alleges that defendants Avalos, Bargioli and Holguine were deliberately indifferent to his safety and serious medical needs.

1.  Excessive Force

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force

standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff's allegations are not sufficient to give rise to a claim for relief under section 1983 against defendant Swanson for use of excessive physical force in violation of the Eighth Amendment. Plaintiff alleges that defendant Swanson was attempting to remove plaintiff's hand restraints. Plaintiff does not allege that defendant used unnecessary force only that defendant was not careful when he was attempting to remove the hand restraints. These allegations do not rise to the level of a constitutional violation.

2.  Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves

U.S. District Court
E. D. California

3

an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

In the instant case, plaintiff claims that the treatment he received for his injured back was inadequate and that he disagrees with the treatment that has been rendered.  This is insufficient to state a claim.  Plaintiff alleges that he was given pain medication and eventually seen by the doctor.  Plaintiff has failed to allege that defendants knew of and disregarded a serious risk to plaintiff's health or safety.

In summary, the Court finds it necessary to dismiss the amended complaint in its entirety.  The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint.

1   Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

2       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
3   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See <u>Ellis v. Cassidy</u>,
4   625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named
5   defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some
6   affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v.
7   Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>,
8   588 F.2d 740, 743 (9th Cir. 1978).

9       In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to
10  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
11  complaint be complete in itself without reference to any prior pleading.  This is because, as a
12  general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d
13  55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer
14  serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,
15  each claim and the involvement of each defendant must be sufficiently alleged.

16      In accordance with the above, IT IS HEREBY ORDERED that:

17          1. Plaintiff's complaint is dismissed; and

18          2. Plaintiff is granted thirty days from the date of service of this order to file a second
19  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of
20  Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
21  number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an
22  original and two copies of the amended complaint; failure to file an amended complaint in
23  accordance with this order will result in dismissal of this action.

24      IT IS SO ORDERED.

25      **Dated:   October 25, 2007**                        **/s/ Dennis L. Beck**
                                                             UNITED STATES MAGISTRATE JUDGE